Filed 6/10/24  P. v. Sawyer CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G062544 |
| v. | (Super. Ct. No. RIF143836) |
| JASON LEE SAWYER, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Riverside County, Thomas Kelly, and Helios J. Hernandez (retired judges of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.), Judges.  Reversed and remanded. Request for judicial notice denied.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Lynn G. McGinnis and Stephanie A. Mitchell, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

In 2009, defendant Jason Lee Sawyer was convicted of one count each of conspiracy to commit murder (Pen. Code, §§ 182, subd. (a)(1), 187, subd. (a)),[1] attempted premeditated and deliberate murder (§§ 664, 187, subd. (a)), active participation in a criminal street gang (§ 186.22, subd. (a)), and assault with a deadly weapon (§ 245, subd. (a)(1)). He was ultimately sentenced to 75 years to life in state prison.

In 2022, Sawyer filed a petition under section 1172.6 for resentencing. Counsel was appointed. No further briefing was filed. During the hearing on the prima facie sufficiency of the petition, pursuant to an oral motion by the prosecution, the trial court denied the petition without stating its reasons. The Attorney General concedes the court did not comply with the procedural requirements of the resentencing statute, but argues any error was harmless because Sawyer was not eligible for resentencing in any event.

Sawyer argues that this court should not look any further than the trial court's lack of compliance with the procedural requirements of section 1172.6, and urges we reverse and remand without further analysis. While the harmless error rule applies to section 1172.6 petitions where the trial court made procedural errors, we decline the Attorney General's request to take judicial notice of court records the trial court never considered. Without a review of those records, we cannot conclude the error was harmless. We therefore reverse and remand the matter to the trial court to conduct a new prima facie hearing to determine if Sawyer has met the low bar of a prima facie case under section 1172.6, and if so, issue an order to show cause.

---

[1] Subsequent statutory references are to the Penal Code unless otherwise indicated.

I

FACTS

The facts are set forth in full in *People v. Sawyer* (March 28, 2011, G043094) [nonpub. opn.].[2] For our purposes, suffice to say that while in custody, Sawyer was a member of a prison gang. At the instigation of senior members of the gang, Sawyer stabbed and slit the throat of his cellmate with a razor blade knife. The victim survived. As relevant to this petition, Sawyer was convicted of conspiracy to commit murder and attempted murder. He was tried with several codefendants.

On December 21, 2022, Sawyer filed a petition for resentencing, stating that he could not presently be convicted of murder or attempted murder due to changes to the Penal Code. No briefing was filed by appointed counsel or the prosecutor. At the hearing to determine whether the petition had set forth a prima facie case,[3] the prosecutor acknowledged that the jury had been instructed on the natural and probable consequences doctrine, but argued that based on the instructions as a whole and Sawyer's conviction for conspiracy to commit murder, he was ineligible for resentencing as a matter of law. Sawyer's appointed counsel agreed with the prosecutor but objected "to protect my client's rights." The court granted the prosecution's motion to deny the petition without stating its reasons for doing so. Sawyer now appeals.

---

[2] We note that our prior opinion is *not* part of the record of conviction for purposes of determining whether a defendant has made a prima facie case. (*People v. Flores* (2022) 76 Cal.App.5th 974, 988.) We provide it as background information only.

[3] The entire hearing comprises approximately a page and a half of the reporter's transcript.

II

DISCUSSION

*Standard of Review*

We independently review whether the petitioner made a prima facie showing under section 1172.6. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

Despite Sawyer's assertion to the contrary, this is not a constitutional issue. If a trial court fails to comply with statutory procedures, our review is for harmless error under the standard set forth in *People v. Watson* (1956) 46 Cal.2d 818, 836. (See *People v. Lewis* (2021) 11 Cal.5th 952, 973 (*Lewis*); *People v. Hurtado* (2023) 89 Cal.App.5th 887, 892.)

*Request for Judicial Notice*

The Attorney General asks this court to take judicial notice of the record on appeal in *People v. Sawyer*, *supra*, G043094, the underlying appeal in this matter, pursuant to Evidence Code sections 452, subdivision (d), and 459, subdivision (a). "A court may judicially notice the '[r]ecords of . . . any court of this state.' (Evid. Code, § 452, subd. (d).) 'We may take judicial notice of the existence of judicial opinions and court documents, along with the truth of the results reached—in documents such as orders, statements of decision, and judgments—but cannot take judicial notice of the truth of hearsay statements in decisions or court files, including pleadings, affidavits, testimony, or statements of fact.'" (*Aixtron, Inc. v. Veeco Instruments Inc.* (2020) 52 Cal.App.5th 360, 382.)

Sawyer opposes judicial notice because the trial court did not have these records before it when it decided to grant the prosecution's oral motion to deny the petition. As he argues, it is well established that "'Appellate jurisdiction is limited to the four corners of the record on appeal . . . .'" (*People v. Waidla* (2000) 22 Cal.4th 690,

4

743.)  "[A]n appellate court generally is not the forum in which to develop an additional factual record . . . ."  (*People v. Peevy* (1998) 17 Cal.4th 1184, 1207.)

As a corollary of that rule, we generally do not take judicial notice of matters not presented to the trial court.  (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3.)  "Rather, normally 'when reviewing the correctness of a trial court's judgment, an appellate court will consider only matters which were part of the record at the time the judgment was entered.'"  (*Ibid.*)  We may deviate from this rule in "exceptional circumstances" (*ibid.*), but the Attorney General's motion does not contend that any such circumstances are present.  This was a garden-variety hearing on a section 1172.6 petition, and this is a garden-variety appeal from that order.  No exceptional circumstances exist to justify this court's deviation from the general rule that we only consider matters that were before the trial court.  The request for judicial notice is denied.

*Statutory Framework*

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which took effect in January 2019, narrowed or eliminated certain forms of accomplice liability for murder.  (Stats. 2018, ch. 1015.)  Among other things, the bill eliminated the natural and probable consequences doctrine as it relates to murder.  (*People v. Lopez* (2022) 78 Cal.App.5th 1, 11.)

In addition to changing the substantive law of murder, Senate Bill No. 1437 also created former section 1170.95, which gave those convicted of first or second degree murder the right to petition for resentencing under certain circumstances.  Effective January 1, 2022, the Legislature amended former section 1170.95 (now known as § 1172.6) to include convictions for attempted murder under the natural and probable consequences doctrine.  (Stats. 2021, ch. 551, § 2; § 1172.6, subd. (a).)

5

The court evaluates petitions under section 1172.6 to determine if the petition makes a prima facie showing that relief is available, and if so, it issues an order to show cause. At the prima facie stage, the "'bar was intentionally and correctly set very low.'" (*Lewis*, *supra*, 11 Cal.5th at p. 972.) If the court finds the petition meets the prima facie requirements, it issues an order to show cause and an evidentiary hearing is held after further briefing. (§ 1172.6, subd. (c).) But at the same stage, the court may use the record of conviction to determine if the petitioner is disqualified from relief under the statute as a matter of law.

The court's review, however, "is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)." (*People v. Drayton* (2020) 47 Cal.App.5th 965, 980, abrogated on other grounds by *Lewis*, *supra*, 11 Cal.5th at p. 963.) "A petitioner is ineligible for resentencing as a matter of law if the record of conviction conclusively establishes, with no factfinding, weighing of evidence, or credibility determinations, that (1) the petitioner was the actual killer, or (2) the petitioner was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree, (3) the petitioner was a major participant in the underlying felony and acted with reckless indifference to human life, or (4) the petitioner acted with malice aforethought that was not imputed based solely on participation in a crime." (*People v. Lopez*, *supra*, 78 Cal.App.5th at p. 14.)

*Harmless Error*

Section 1172.6, subdivision (c) requires a trial court to review the record of conviction and provide a meaningful statement of reasons before denying a resentencing petition. The parties agree that the court erred. The question is whether the error was harmless. (*People v. Watson*, *supra*, 46 Cal.2d at p. 836.)

We cannot find the error here was harmless because of the paucity of the record before us. The clerk's transcript includes only the abstract of judgment, the indictment, some minute orders, Sawyer's petition, and a probation report. These documents, which were the only documents before the trial court, do not allow us to determine that Sawyer was not entitled to relief as a matter of law without violating the precepts set forth in *Lewis*, *supra*, 11 Cal.5th 952. (See *People v. Lopez*, *supra*, 78 Cal.App.5th at p. 14.)

Apparently, this was a complex trial, and Sawyer was tried with codefendants, the other alleged conspirators. (See *People v. Sawyer*, *supra*, G043094.) Accordingly, jury instructions on various theories of murder were given. The jury instructions and verdict forms are not before us. On this record, we cannot determine that the error was harmless.

On remand, the parties should file the pertinent documents to create a record that may be reviewed on appeal, and the trial court should state its findings as required by statute.

III

DISPOSITION

The request for judicial notice is denied.  The order is reversed and the matter is remanded for further proceedings.


MOORE, ACTING P. J.

WE CONCUR:


SANCHEZ, J.


MOTOIKE, J.

8